UNITED STATES DISTRICT COURT OF THE
WESTERN DISTRICT OF TEXAS, AUSTIN TEXAS

= = = = = = = = = = = = = = = = = = = = = = = = = X

**DARLA G. GOULLA ET AL.**

                Plaintiff,

                             **FEDERAL COMPLAINT**

    -AGAINST-               Docket No#: **21 CV 1042 RP**

**WELLS FARGO BANK as Trustee**
**Ditech Customer Service (Green Tree by Merger)**

                Defendant(s)

= = = = = = = = = = = = = = = = = = = = = = = = = X

## TO: ALL NAMED DEFENDANTS HEREIN

      Plaintiff, **Darla G. Goulla** each appearing Pro-Se herein as individual party plaintiffs, being duly sworn, depose and say for its Complaint in support of a summons, alleged claims against defendants as follows:

**COUNT ONE:** UNFAIR TRADE PRACTICES INVOLVING NON- COMPLIANCE, 15 USC SECTIONS 1601, ET. SEQ

**COUNT TWO:** DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C. 1635, ET. SEQ.

**COUNT THREE:** MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET. SEQ

**COUNT FOUR:** MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET. SEQ

**COUNT FIVE:** <u>RIGHT TO RECIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ</u>

**COUNT SIX:** <u>DISCEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ</u>

**COUNTY SEVEN:** <u>NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ</u>

**COUNT EIGHT:** <u>FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ</u>

**COUNT NINE:** <u>INFLATION OF ACCELERATION FEES , IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ</u>

**COUNT TENTH:** <u>FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z</u>

**COUNT ELEVENTH:** <u>FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18</u>

**COUNT TWELVE:** <u>FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18</u>

**COUNT THIRTEEN:** <u>VIOLATION FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4</u>

Plaintiffs' hereby alleges as follows:

## JURISDICTION AND VENUE

i- Plaintiff brings this complaint under federal diversity jurisdiction pursuant to 28 USC Section 1331; 1332, as there is a question of federal law and amount in controversy exceeds $ 75,000.00 dollars.

ii- Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred prior to the state court's judgment of foreclosure and actions or acts that violate federal banking and fraud statutes and due process violations of the constitution.

### PARTIES INVOLVED

1. That at all time hereinafter mentioned, plaintiff Darla G. Goulla, was and still is a resident and has conducted business and has residence in Texas and she resides is located 209 Baker Lane, Leander, Texas 78641.

2. That at all-time hereinafter mentioned, defendant Wells Fargo Bank has been conducted business within in the State of New Jersey with a business located at 420 Montgomery Street, San Francisco, CA 94104.

3. That at all time hereinafter mentioned, defendant **Ditech Customer Service (Green Tree by Merger)** whose offices are located at PO Box 6172, Rapid City, SD 57709 and its assignment of mortgage in that this defendant had transferred evidence in the form of an assignment to the above named defendant for the purpose of its conspiracy and fraudulent actions.

4. That at all times hereinafter mentioned, defendants has participated with the initial action in which lacked the legal capacity to sue as well as the standing jurisdiction for it to commence any proceedings against the plaintiff herein.

5. That at all times hereinafter mentioned, the defendants has also participated in the scheme and fraud by knowingly engaged in the theft of equity by fraudulently commencing an action against plaintiff in

foreclosure knowing that it did not have standing, the proper assignment of trust, the jurisdiction or legal capacity to sue.

6. That the plaintiff has constitutional rights there were violated by the defendant and as a result of these violations there was a related judgment in foreclosure against the plaintiff herein.

7. The federal question of law is whether the defendants capacity to sue(or the lack thereof prior to the commencement of the foreclosure is an issue), of due process and jurisdiction in this matter and that such due process caused such injury to the plaintiff.

8. In this case, the plaintiff argue that [a] the defendant lacked standing to commence the proceedings against the plaintiff based upon knowingly false assignments of mortgages executed by fraudulent staff members and [b] that the defendants' were never registered to do business in the State of Texas at the time of the commencement of the proceedings or prior to the judgment thereof, and [c] that the defendants' lacked the legal capacity to sue because of the security exchange commission reports and the OCC

filings of a cease and desist order based upon information and belief.

i. **Constitutional Claims**:

9. The issue of justice must comport to the safeguards of equal protection of the laws. In this case, the plaintiff argues that defendant deliberately hid its lack of capacity to sue or to commence any such foreclosure proceedings against the plaintiff prior to the action.

10. Upon information and belief, defendant (being only a trustee) did not have standing because of the defective, fraudulent assignments of mortgages and the unknown persons whom executed these assignments-robo-signors, without any firsthand knowledge of the note or mortgage.

11. This is not about the '….foreclosure case itself or the judgment…', but the status and standing of the defendant's ability to commence the proceedings prior to the action itself.

12. Upon information and belief, defendant did not have any updated security exchange commission filings with the pooling agreement on record with the agency.

13. Upon information in belief, the office of the comptroller of currency did not have any records that the defendant submitted any evidence of its existence prior to the '…commencement of the foreclosure proceedings…', thereby causing an a typical hardship by the unconstitutional actions against plaintiff.

14. That the defendant lacked standing from the beginning and prior to the foreclosure action, did not have proper and legal standing.

15. That the defendant lacked the jurisdiction and was not registered as a business or to conduct its business in the State of Texas since the secretary of the state did not receive its filings for such activities to do business.

16. That the assignments of mortgages, all of the assignments were defective, fraudulent and violated the due process rights of the plaintiff herein.

17. That the defendant did not have the capacity to sue the plaintiff prior to the '….commencement of the proceedings against plaintiff.

18. Plaintiff has stated a claim for which relief can be granted.

19. Despite the foreclosure process, the plaintiff is not questioning the '…..facts of the foreclosure or the manner….', the plaintiff is arguing that prior to the action, the defendant failed to have legal rights to commence the action.

20. The Supreme Court recognized that standing is a 'jurisdictional requirement' in **State ex rel. Dallman v. Franklin Cty. Court of Common Pleas,** (1973), and we stated: 'It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the

subject matter of the action.' ... And recently, in **Kincaid v. Erie Ins. Co.**, (2010), we affirmed the dismissal of a complaint for lack of standing when it had been filed before the claimant had suffered any injury."

21. Citing the U.S. Supreme Court's 1992 holding in **Lujan v. Defenders of Wildlife** that "standing is to be determined as of the commencement of suit," and state court decisions supporting that same conclusion from Oklahoma, Vermont, Maine, Connecticut, Florida, Mississippi, and Nebraska, Justice O'Donnell pointed out that in this case "Federal Home Loan concedes that there is no evidence that it had suffered any injury at the time it commenced this foreclosure action.

22. Thus, because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court."

23. In this case, plaintiff contends that the defendant lacked the legal capacity '....prior to the commencement of the action, standing to sue.

24. Despite the current legal status of the foreclosure proceeding and its appeal, the plaintiff is not arguing the issues on the foreclosure, its raising issue with the defendant's lacking standing prior to the commencement thereof.

25. Plaintiff has been injured as a result of the actions of the defendant.

26. That the defendants were engaging in unconstitutional actions and such federal agencies that regulate these types of defendants (banks) must have inherent powers and authority to adjudicate this action.

27. Plaintiff sues for compensatory and punitive damages in the sum of 2 Million based upon the illegality of the foreclosure and the possible eviction.

28. That no other persons are beneficially interested in the outcome of these proceedings.

29. That plaintiff reserves its rights to amend the complaint if after discovery other party defendants

are named or discovered who participated in such violations.

30. In Texas, there are three ways in which a lienholder can foreclose on a property:

[I] **Judicial Foreclosure**:

31. A judicial foreclosure requires the lienholder to file a civil lawsuit against the homeowner.

32. They must obtain a judgment from the court before they are allowed to sell the property.

33. This procedure is rare in Texas. See **Rule 309** of the Texas Rules of Civil Procedure for the court rule governing judicial foreclosures.

[II] *Non-Judicial Foreclosure*:

34. A non-judicial foreclosure (also referred to as a "power of sale" foreclosure) allows the lienholder to sell the property without having to file a civil lawsuit against the homeowner.

**WHEREFORE, your deponent respectfully prays for an order granting this complaint and the damages in a non-jury trial or virtual trial settings and to discharge the loan and issue a ruling or an order rejecting all pleadings filed by defendants in the lower state court in connection with the plaintiff's foreclosure action since evidence shows and purports defendants lacking legal standing to commence the case against plaintiff and sanctions along with $ 2 Million dollars in damages against the defendants and for such other and further relief this court may deem just, proper and equitable.**

Date: November 16, 2021
Williamson County Leander Texas

/s/ _Darla G. Goulla_

Mobile: 512-538-5744

### VERIFICATION

I, Darla G. Goulla, appearing pro-se herein, being duly sworn, depose and states under the penalties of perjury, 28 USC 1746, that the foregoing is true and correct and as to matters based upon information and belief, the deponent believes to be true to the best of my knowledge.

Date: 16th day of November 2021

/s/ _Darla G. Goulla_, Pro-Se
P.O. Box 1857
Brackettville, Texas 78832

_____
Notary



Vankayala Gupta
My Commission Expires
05/20/2023
ID No. 130233246

# CERITIFICATE OF SERVICE

On November 16, 2021 I Darla G. Goulla provided the

1. 14 page Court 1-13 statement to Austin Texas Federal Court for filing
2. 6 Page Application and Order to proceed without paying legal fees to the following parties :

**US District Clerks Office**
501 West 5th Street
Austin, Texas 78701

**US MAIL Priority Service**
9405 5116 9900 0885 9334 68

**Wells Fargo Bank NA**
420 Montgomery Street
San Francisco, CA 94104

**US Priority Mail
Tracking Number**
9405 5116 9900 0885 9111 73

*[signature]*
**Darla Goulla**
P.O. Box 1857
Brackettville, Texas 78832
512-538-5744
darlagoulla@gmail.com