# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DARLA G. GOULLA,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | Case No. 1:21-cv-1042-RP-SH |
| § | |
| **WELLS FARGO BANK and DITECH** § | |
| **CUSTOMER SERVICE,** § | |
| *Defendants* § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN
           UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. 1) and Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2), both filed November 17, 2021. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Motion and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 5.

### I.  Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff Darla Goulla's Motion for Leave to Proceed *In Forma Pauperis* and her Financial Affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status (Dkt. 2) and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

1

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014).

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

**B. Plaintiff's Lawsuit Should Be Dismissed under Section 1915(e)(2)(B)**

On May 3, 1999, Plaintiff and her husband, Michael Goulla, executed a Texas Home Equity Note (the "Loan") with Green Tree Financial Servicing Corporation in the amount of $52,500 on real property located at 209 Baker Lane, Leander Texas 78641 (the "Property"). Dkt. 4 at 2.[1] The Loan was assigned to Wells Fargo Bank N.A. *Id.* In 2015, the servicer of the Loan, Green Tree Servicing LLC, initiated foreclosure proceedings on behalf of Wells Fargo. In 2017, the Property was sold at foreclosure to Evan Gool, Randy Gool, Gary Gool, and George McAlpine (the "Current Owners"). *Id.* at 2. After the foreclosure, the Current Owners filed two eviction proceedings against the Goullas. *Id.* at 2 n.5.

Since the foreclosure and eviction, the Goullas have contested the legality of the foreclosure and eviction by filing numerous unsuccessful lawsuits in state and federal court against Wells Fargo, the servicers of the Loan, and the Current Owners. *Id.* at 2-4. For example, in *Goulla v. Gool*, No. 18-1381-C26 (26th Dist. Ct., Williamson County, Tex. Oct. 28, 2018), the state court

---

[1] The Court is permitted to take judicial notice of Plaintiff's loans and property records and her previous lawsuits, which all are matters of public record. *See Smith v. MTGLQ Invs., L.P.*, 851 F. App'x 514 (5th Cir. 2021) (noting that district court was permitted to take judicial notice of deed of trust and assignment records relating to plaintiff's property); *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) ("We may take judicial notice of prior court proceedings as matters of public record."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (stating that it is proper to take judicial notice of matters of public record).

granted summary judgment in favor of the defendants on all of the Goullas' claims challenging the foreclosure, finding that the Goullas had filed several fraudulent liens on the Property and had no interest in the Property. Dkt. 4 at 37-38. The state court further ordered Plaintiff to pay $200,000 in statutory damages, $6,500 in actual damages for trespass, and $9,912.50 in attorney's fees. *Id.* at 38. The state court also ordered the case to be referred to the Williamson County District Attorney to investigate possible criminal charges against the Goullas. *Id.* In addition, the state court permanently enjoyed Plaintiffs from:

- entering the Property;
- recording or causing to be recorded in the Williamson County property records any documents that refer or relate in any way to the Property or Defendants;
- filing any additional lawsuits in any court against Defendants or any other party that directly or indirectly challenge Defendants' ownership and possession of the Property, the validity of Defendants' title to the Property, or the validity of the foreclosure of the Property; and
- filing any other complaints with any court or government agency against Defendants or their attorney that relate to or involve the Property, this suit, all prior suits filed by Plaintiffs challenging the validity of the foreclosure of the Property, or Defendants' eviction of Plaintiffs from the Property.

*Id.* at 39.

Nonetheless, Plaintiff continued to file liens on the Property and more lawsuits in state court. Accordingly, on October 30, 2019, the state court held Plaintiff in contempt for disobeying a court order and imposed a monetary fine. *Id.* at 41.

Plaintiff also filed several suits in federal court, including *Goulla v. Greentree*, No. 17-CV-407-LY-ML (W.D. Tex. Feb. 8, 2017).[2] In that case, Plaintiff brought claims against Wells Fargo,

---

[2] *See also Goulla v. Yeakel*, 1:21-CV-456-RP-ML (pending against the Honorable Lee Yeakel for trespass, wrongful eviction, slander, libel and the intentional infliction of emotional distress); *Goulla v. Gool*, 1:19-CV-704-LY (dismissed and remanded for lack of jurisdiction).

Ditech Financial LLC f/k/a Green Tree Servicing LLC, the Current Owners, and several other defendants asserting claims for wrongful foreclosure, breach of contract, and quiet title. The case was consolidated with another of Plaintiff's federal lawsuits related to the same issues. On February 6, 2019, the District Court entered judgment for the defendants and dismissed Plaintiff's suit with prejudice. *Id.* at Dkt. 61. For two years after the case was closed, Plaintiff continued to file motions, which the District Court struck from the record. *Id.* at Dkt. 70.

Notwithstanding the District Court's dismissal of her case on the merits and the state court's pre-filing injunction, Plaintiff brings the instant suit challenging the foreclosure of her Property. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). District courts "should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

Plaintiff's Complaint is based on the same facts and allegations as her previous lawsuits, all of which arise from the foreclosure of her Property and eviction. While a showing of "new and significant facts or an intervening change in the law might permit relitigation of claims," Plaintiff does not make such a showing. *Wallace v. Rupert*, 644 F. App'x 307 (5th Cir. 2016). Thus, Plaintiff's suit is duplicative and should be dismissed as frivolous. *See Wilson*, 878 F.2d at 851 (finding that district court did not abuse its discretion by dismissing case under § 1915(d) as frivolous because it was duplicative); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of duplicative complaint as frivolous where complaint "repeats the same factual allegations that he asserted in his earlier case" against different defendants).

This lawsuit also should be dismissed as frivolous because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. This doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16). Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts framed as civil rights suits. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.") (cleaned up). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Id.*

Here, Plaintiff challenges the validity of the state court orders regarding eviction and the foreclosure of the Property, which constitutes an impermissible federal collateral attack on a state court civil order or judgment. Foreclosure and eviction are matters "governed by state, not federal, law." *Hoffhine v. Turturo*, No. 5:20-CV-713-JKP-RBF, 2021 WL 2878560, at *1 (W.D. Tex. Feb. 22, 2021), *R. & R. adopted*, 2021 WL 2878557 (W.D. Tex. Mar. 11, 2021). Plaintiff cannot challenge the validity of a state court judgment or order for eviction in federal court because such

challenges are prohibited by the *Rooker-Feldman* doctrine. *See Coleman v. Williams*, 538 F. App'x 513, 515 (5th Cir. 2013) (holding that debtor's due process claim against law enforcement officers, challenging her eviction following foreclosure sale of her former house, was impermissible challenge to state court's judgment); *Wells v. Ali*, 304 F. App'x 292, 294 (5th Cir. 2008) (affirming dismissal of lawsuit seeking to relitigate eviction-related claims in federal court under *Rooker-Feldman* doctrine); *Wilkerson v. Hoff*, No. 3:21-CV-00136-KC, 2021 WL 3186125, at *4 (W.D. Tex. July 28, 2021) (same); *DeVilbiss v. Jackson*, No. SA-20-CV-00878-OLG-EBC, 2020 WL 5249246, at *3 (W.D. Tex. Sept. 3, 2020) (same), *R. & R. adopted*, 2020 WL 10054537 (W.D. Tex. Oct. 29, 2020). Accordingly, this suit is barred by the *Rooker-Feldman* doctrine and should be dismissed as frivolous. *See Kastner v. Texas Bd. of Law Examiners*, 408 F. App'x 777, 779 (5th Cir. 2010) (affirming district court's dismissal of case barred by *Rooker-Feldman* doctrine as frivolous); *Gonzales v. Janssen*, No. CV H-21-2580, 2021 WL 3639666, at *2 (S.D. Tex. Aug. 17, 2021) (dismissing complaint challenging civil court eviction order as frivolous where suit was barred by *Rooker-Feldman* doctrine).

Finally, Plaintiff's action violates the state court's pre-filing injunction, which prohibits her from "filing any additional lawsuits in any court against Defendants or any other party that directly or indirectly challenge Defendants' ownership and possession of the Property, the validity of Defendants' title to the Property, or the validity of the foreclosure of the Property." Dkt. 4 at 39. Accordingly, Plaintiff's lawsuit should also be dismissed on this basis as well.

### III. Order and Recommendation

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2).

The Court further **RECOMMENDS** that the District Court **(1) DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2); **(2) DISMISS** all pending motions as moot; and **(3) WARN** Plaintiff that continuing to file frivolous lawsuits in federal court based on the foreclosure of her Property and eviction may result in the imposition of sanctions, including monetary sanctions or a pre-filing bar.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 26, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE